IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. JOHNSON, | : | No. 4:07-cv-2076 |
| Petitioner, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| TROY WILLIAMSON, | : | |
| Respondent | : | |

## MEMORANDUM

March 3, 2008

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 5) which recommends that the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(Doc. 4) be dismissed under Rule 4 of the Rules Governing Section 2254 Cases.[1] No objections to the R&R have been filed. For the reasons set forth below, the Court will adopt the R&R and dismiss the petition.

I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

---

[1] These rules are also applicable to § 2241 cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the R&R.

## II.   BACKGROUND

Petitioner indicates that he was indicted the United States District Court for the Northern District of Texas on two counts of bank robbery. According to the Petitioner, he entered into a plea agreement with the government to plead guilty to one count of bank robbery in violation of 18 U.S.C. §2113(a), with the understanding that he would not face any other charges that derived out of the

commission of the bank robbery. On February 15, 2002, however, the court refused to accept the petitioner's plea.

Subsequently, on March 13, 2002, a six-count superceding indictment was entered which charged the Petitioner with one count of using and carrying a firearm during and in relation to a crime of violence and one count of brandishing a firearm during and in relation to a crime of violence, in addition to two counts of bank robbery and aiding and abetting.

On June 18, 2002, pursuant to a plea agreement, Petitioner pled guilty to one count of using and carrying a firearm during a crime of violence and one count of brandishing a firearm during a crime of violence. Petitioner claims the government agreed in the plea agreement to seek a downward departure based upon his substantial assistance, but that the government never filed such a motion. Petitioner was sentenced to 646 months incarceration.

Petitioner appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed the judgment of the district court on March 12, 2003.

On December 29, 2003, the Petitioner filed his first motion to vacate his sentence in the Northern District of Texas pursuant to 28 U.S.C. §2255. This §2255 motion was denied on February 17, 2004. The petitioner appealed to the Fifth Circuit, which affirmed the denial on July 22, 2004.

On July 18, 2005, the petitioner filed a second §2255 motion in the Northern District of Texas. By order dated July 20, 2005, this motion was dismissed for lack of jurisdiction because the petitioner failed to obtain leave of the Fifth Circuit to file a successive motion.

On November 17, 2007, the petitioner brought the instant § 2241 petition.[2] Petitioner raises several claims in the petition, but all derive from the contention that his conviction and sentence are invalid under *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Perhaps recognizing the potential procedural defects of a third successive collateral attack on his conviction and sentence, Petitioner argues that his § 2441 petition is proper because *Booker* was decided after he filed his first § 2255 motion, thereby rendering that motion an inadequate or ineffective remedy.

## III. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides, in relevant part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Magistrate Judge

---

[2] At the time he filed the current petition, Petitioner was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He is currently incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania.

recommends that the instant § 2241 petition be dismissed pursuant to Rule 4 for lack of jurisdiction because § 2255 is not inadequate or ineffective to test the validity of Petitioner's conviction and sentence. The Court agrees and will dismiss the petition.

A federal criminal defendant's conviction and sentence are presumptively subject to collateral attack only in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. Habeas corpus under § 2241, however, is "reserved for rare cases," and this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 250, 251.

A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir.2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief,

the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 538-39. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

Here, Petitioner claims § 2255 is inadequate because his arguments are based on *Booker*, and *Booker* was not decided until after his first § 2255 motion was filed. The Third Circuit has explicitly rejected almost this precise argument. In *Okereke*, a federal prisoner argued § 2255 was inadequate because *Apprendi* effected an intervening change in law that he could not have predicted and could not have used as the basis of a § 2255 motion. 307 F.3d at 120. The Third Circuit rejected this argument, holding that, unlike the intervening change in law at issue in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not retroactively de-criminalize any conduct. *Id.* at 120-21. Accordingly, § 2255 was not inadequate or ineffective for Petitioner to raise the *Apprendi* argument. *Id.* at 120-21. Relying on *Okereke*, the Third Circuit and this Court have repeatedly and uniformly held that habeas claims based on *Booker* do not present the "rare" case in which a § 2255 motion is inadequate or ineffective because like *Apprendi*, *Booker* did not de-criminalize any conduct but dealt only with sentencing procedure. *See,*

*e.g., Day v. Samuels*, 2008 WL 320199, at *2 (3d Cir. Feb. 6, 2008); *Schweitzer v. United States*, 215 Fed. Appx. 120, 122 (3d Cir. 2007); *Hazard v. Samuels*, 206 Fed. Appx. 234, 236 (3d Cir. 2006); *Leath v. Holt*, 196 Fed. Appx. 62, 63 (3d Cir. 2006); *McLoyd v. Nash*, 191 Fed. Appx. 169, 170 (3d Cir. 2006); *Yates v. Smith*, 190 Fed. Appx. 113, 114 (3d Cir. 2006); *United States v. Padilla*, 190 Fed. Appx. 119, 121 (3d Cir. 2006); *Griffin v. Hogsten*, 2007 WL 1140658, at *2 (M.D. Pa. Apr. 17, 2007); *Nunez v. Lindsay*, 2006 WL 2129072, at *2 (M.D. Pa. July 27, 2006); *Ramirez v. Williamson*, 2006 WL 898169, at *1-2 (M.D. Pa. Apr. 4, 2006); *Griffin v. Holt*, 2005 WL 2230029, at *5 (M.D. Pa. Sept. 13, 2005); *Leinenbach v. Williamson*, 2005 WL 1430082, at *2 (M.D. Pa. June 17, 2005); *Chen v. Apker*, 2005 WL 1154829, at *1 (M.D. Pa. May 16, 2005); *Grecco v. Williamson*, 2005 WL 1138463, at *1-2 (M.D. Pa. May 13, 2005). This is especially so because the rule announced in *Booker* does not apply retroactively to cases on collateral review. *See Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005). Therefore, this Court is without jurisdiction over Petitioner's current habeas claims, and the his § 2241 motion will be dismissed.[3]  An appropriate order shall enter.

---

[3] Petitioner raises several claims arising out of alleged violations of Fed. R. Crim. P. 11 based on the sentencing court's rejection of his first plea agreement and the fact that the government did not file a § 5K1.1 motion on his behalf. Petitioner explicitly ties these claims to his arguments based on *Booker* and *Apprendi*, but to the extent that these are separate claims, it is clear that a § 2255 motion was an adequate and effective means to present these arguments, and therefore the Court also lacks jurisdiction over such claims presented in a § 2241 petition.